**CHUNG JUNG JONG, also known as Quan–Zhong Jiang, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

No. 04–5267–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, John Grasty Crews, II, Assistant United States Attorney, Las Cruces, New Mexico, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Chung Jung Jong, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, the BIA agreed with the IJ's adverse credibility determination, emphasizing particular findings supporting that determination, and adding facts that in turn supported each individual finding. Therefore, this Court reviews the IJ's decision as supplemented by the BIA, including those findings not emphasized by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394–95 (2d Cir.2005); *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

■ The BIA identified the following to support the IJ's adverse credibility determination. The IJ first found that there were inconsistencies in the evidence regarding when Jong's wife was sterilized. Jong testified that his wife was sterilized in October 1993, whereas the sterilization certificate offered as evidence dated the sterilization in 1995, undermining the credibility of Jong's claim that his family was subjected to China's family planning policies. *See Secaida–Rosales*, 331 F.3d at 308 (noting that credibility findings should concern the basis of the asylum claim).

Second, the BIA noted that Jong admitted that he had made some false statements regarding his trip to the Chinese official's home in 1993. During Jong's first hearing, he had stated that he hit the official in the head with a stick, which led

to the summons for his arrest. He later explained that he had exaggerated this encounter on the advice of a travel agency, and that he actually had only beaten on the door of the official's home with a stick. These inconsistencies undermine Jong's credibility as to the threat that he faces in China.

The IJ also found that there were inconsistencies in Jong's statements regarding whether and when his wife had an IUD. The IJ explained that, at the first hearing, Jong stated that his wife had an IUD inserted after the birth of their second daughter. Shortly thereafter, Jong stated that his wife had an IUD inserted after the birth of their first daughter. Finally, Jong stated that his wife, in fact, never had an IUD. This inconsistency undermines Jong's assertion that his family was subjected to China's family planning policy, and is, therefore, a proper basis for the IJ's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308.

These inconsistencies were specific, cogent reasons to support the IJ's adverse credibility determination, which bore a legitimate nexus to that finding. *See Secaida–Rosales*, 331 F.3d at 307.

■ Because Jong failed to challenge the IJ's denial of CAT relief in his petition for review, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (finding issues not argued in briefs are considered waived and will not normally be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of deportation that the Court previously granted in this petition is VACATED, and any pending motion for a stay of deportation in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal

Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).